IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **CPUMATE INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SONY CORPORATION,**<br>**SONY ELECTRONICS, INC. d/b/a SONY**<br>**CORPORATION OF AMERICA, and**<br>**SONY COMPUTER ENTERTAINMENT**<br>**AMERICA LLC,**<br><br>    **Defendants.** | **CIVIL ACTION NO.  2:14-cv-00071**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CpuMate Inc. ("Plaintiff") for its Complaint against Sony Corporation, Sony Electronics, Inc. d/b/a Sony Corporation of America, and Sony Computer Entertainment America LLC (collectively "Sony" or "Defendants"), demands a trial by jury and alleges as follows:

## PARTIES

1.   Plaintiff CpuMate, Inc. is a Taiwanese company with a principal address of No. 13, Wu-Chiuan 5th Rd., Wu-Ku Industrial District, Taipei Hsien, 248, Taiwan, R.O.C.

2.   On information and belief, Defendant Sony Corporation is a Republic of Tokyo limited company with its principal place of business located at 1-7-1 Konan, Minato-ku, Tokyo, 108-0075, Japan.  On information and belief, Sony Corporation regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).  Sony Corporation may be served with process in Tokyo pursuant to the Hague Convention on the

COMPLAINT FOR PATENT INFRINGEMENT – Page 1

Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965, T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).

3. On information and belief, Defendant Sony Electronics, Inc. d/b/a Sony Corporation of America is a corporation organized and existing under the laws of the State of New York with its principal place of business at 555 Madison Avenue, 8th Floor, New York, NY 10022. This Defendant has appointed Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, as its agent for service of process. Sony Electronics, Inc., d/b/a/ Sony Corporation of America regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

4. On information and belief, Defendant Sony Computer Entertainment America LLC is a corporation organized and existing under the laws of the State of California with its principal place of business at 2207 Bridgepointe Parkway, San Mateo, CA 94404. This Defendant has appointed Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E.7th Street, Suite 620, Austin, TX 78701-3218, as its agent for service of process. Sony Computer Entertainment America LLC regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 *et seq*. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and

(c) and/or 1400(b).  On information and belief, Sony have transacted business in this district, and have committed acts of patent infringement in this district, by making, using, selling, and /or offering for sale at least the PlayStation 3 game console.

6.      On information and belief, Sony are subject to this Court's general and specific personal jurisdiction because: Sony have minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Sony have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Sony regularly conduct and solicit business within the State of Texas and within the Eastern District of Texas; and causes of action arise directly from Sony's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,779,595

7.      Plaintiff is the owner of all rights, title and interest to United States Patent No. 6,779,595 ("the '595 Patent") entitled "Integrated Heat Dissipation Apparatus."  The '595 Patent was issued on August 24, 2004 after a full and fair examination by the United States Patent and Trademark Office.  The application leading to the '595 Patent was filed on September 16, 2003.  Attached as Exhibit "A" is a copy of the '595 Patent.

8.      The '595 Patent is generally directed to a heat dissipation apparatus having heat dissipation elements and thermal conducive heat sinks.

9.      On information and belief, Sony have been and now are infringing the '595 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell devices having a heat dissipation apparatus according to the '595 Patent.  On information and belief, examples of Sony's products that infringe the

'595 Patent include, their Sony PlayStation 3 game console. Sony are thus liable for infringement of the '595 Patent pursuant to 35 U.S.C. § 271.

10. On information and belief, the insulated container in Sony's accused products are known by Sony to be especially made or especially adapted for use in a manner that infringes the '595 Patent and are not staple articles of commerce capable of substantial non-infringing uses. Sony have thereby contributed to the infringement of the '595 Patent.

11. On information and belief, Sony, by their sales and/or offers for sale of the accused products to third parties, have induced and continue to induce acts by third parties that Sony knew or should have known would constitute direct infringement of the '595 Patent. Sony have actively induced infringement of the '595 Patent by designing the accused products to be capable of infringement and by promoting and encouraging the use of their products by third parties in ways that infringe the '595 Patent.

12. As a result of Sony's infringement of the '595 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Sony's infringing activities are enjoined by this Court.

13. Unless a permanent injunction is issued enjoining Sony and their agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '595 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff that Sony have infringed the '595 Patent;

B.    A permanent injunction enjoining Sony and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '595 Patent;

C.    A judgment and order requiring Sony to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Sony's infringement of '595 Patent as provided under 35 U.S.C. § 284;

D.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

E.    Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 10, 2014

Respectfully submitted,

By: */s/ Winston O. Huff*
   Winston O. Huff, Attorney in Charge
   Texas State Bar No. 24068745
   Deborah Jagai
   Texas State Bar No. 24048571
   W. O. Huff & Associates, PLLC
   302 N. Market Street, Suite 450
   Dallas, TX 75202
   214.749.1220 (Firm)
   469.206.2173 (Fax)
   whuff@huffip.com
   djagai@huffip.com

   ATTORNEYS FOR PLAINTIFF
   CPUMATE INC.

## **CERTIFICATE OF FILING**

      I hereby certify that on February 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                                    */s/ Winston O. Huff*
                                                    Winston O. Huff